**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**


**ERNESTOR ENCHAUTEGUI,**

    **Plaintiff,**

vs.                                                                   **CASE NO. 5:06CV32-RS/AK**

**VANESSA L. RHYNES, et al,**

    **Defendants.**

    _____/


**REPORT AND RECOMMENDATION**

Plaintiff brings this cause of action pursuant to 42 U.S.C. §1983 alleging that the Defendants violated his due process rights relative to a disciplinary report issued against him on October 18, 2005. (Doc. 1). Defendants filed a special report, which has been construed as a motion for summary judgment (doc. 22), and Plaintiff was advised by Order dated October 27, 2006, that he must respond to the motion on or before December 27, 2006. (Doc. 21). Plaintiff filed a motion for discovery (doc. 23), which was granted in part and denied in part (doc. 26), to which Defendant's responded (doc. 27), but since that time nothing further has been filed by the Plaintiff. The matter is now ripe for review.

**I.    Complaint (doc. 1)**

Plaintiff claims that he was charged in a disciplinary report written by Defendant Reupke with a "telephone violation" because he allegedly used another inmate's PIN

number to call that inmate's family. (Doc. 1, p.7). Plaintiff claims that he requested certain evidence (the audiotape of the telephone conversation and voice analysis) to be presented at the hearing before Defendants Rhynes and Peters, but they refused to allow the requested evidence and he was found guilty of the DR. Plaintiff seeks nominal damages from each defendant and reimbursement of the costs incurred in bringing this action.

    a)    <u>Formal Grievance</u>

Plaintiff wrote the Warden that he did not make the call in question and that if the audiotape had been presented at the hearing he would not have been found guilty because Defendant Reupke is not a voice analyst, and it is insufficient evidence for him to say the voice he heard sounded like Plaintiff or to assume that Plaintiff was making the call just because the person on the other end of the conversation called him by his nickname.

    The response:

> You allege that all the evidence was not present for the disciplinary team to find you guilty of 9-25 (Telephone Violations) as a voice analyst specialist did not review the phone tapes as you requested. A review of the charge 9-25 (Telephone Violations) written on October 18, 2005, by Officer Reupke indicates that while reviewing calls made with Inmate Moser, Travis DC #996845 PIN number and realizing subject was in confinement and unable to use this phone stationed in H1, you placed the call to subject mother who identified you as Tito which is your recorded named on your phone record. After reviewing said conversations, Officer Reupke reviewed taped conversations of your PIN number which matches the voice heard on the aforementioned. Accordingly , you had violated procedure 602.013 due to using another inmates PIN number. During the investigation, you indicated on the DC-151 Disposition of videotape/audiotape evidence form that you wanted a voice analysis of said taping. Officer Bush indicated in his summary that he listened to recorded conversations of yourself using your assigned PIN and

**No. 5:06CV32-RS/AK**

compared same with the call Officer Reupke had cited in this charge. Officer Bush indicated the voices match in each case supporting Officer Reupke's statement in Section I of said report. Therefore, based on the investigators findings which supported the charging officer's statement that it was you who utilized other inmates PIN number which violates procedure, you were found guilty of same.

Based on the foregoing information, this disciplinary is found to be in compliance with Chapter 33-601.305 titled Inmate Discipline and Procedure 602.013. Therefore, your request for analysis was completed by the investigating officer and support the finding of guilt, you grievance is denied.

b) <u>Appeal</u>

Plaintiff complains that neither Officer Bush nor Officer Reupke are trained voice analysts and if the tape had been played at the hearing he could probably have told the disciplinary team who was actually on the phone and the team might have made a different decision.

The response to the appeal referred to the previous response as appropriate, the disciplinary charge would not be dismissed, and the appeal was denied.

c) <u>Charging Disciplinary Report dated October 18, 2005</u>

On Tuesday, October 18, 2005, at approximately 10:20 a.m., while monitoring the inmate telephone system, I reviewed the calls made with Inmate Moser, Travis (996845) PIN number, to phone number (561) 732-5996 on October 16, 2005 at approximately 11:05 a.m. It is evident that Inmate Moser did not place this call. Inmate Moser has been housed in administrative confinement since September 30, 2005. This call was placed from H-dorm, Wing One. The inmate says, "Hey. This Trav's friend, T." The female says, "P?" The inmate says, "No. T." The female says, "Oh, hey Tito!" The inmate says, "Hey, hey, no names!" Upon further investigation, Inmate Enchautegui, Ernesto's (583641) recorded name on his phone record is "Tito," and his voice matches those calls placed by himself on his PIN number. Inmate Enchautegui is currently in administrative confinement pending investigation for another charge. Inmate Enchautegui is in violation of procedure #602.013 automated inmate telephone use. Phone restrictions include using another inmates'

**No. 5:06CV32-RS/AK**

PIN number.  My supervisor was advised of this incident and instructed me to submit this report.

The report was completed by Officer Reupke.  The hearing worksheet shows that a hearing was held October 25, 2005, and that Plaintiff was found guilty "[b]ased on investigation and Officer Reupke stated that Inmate Enchautegui used Inmate Moser Pin # while Inmate Moser was in confinement."  Plaintiff was given 20 days disciplinary confinement.

## II.     Standard of Review

A district court should grant summary judgment when, "after an adequate time for discovery, a party fails to make a showing sufficient to establish the existence of an essential element of that party's case."  Nolen v. Boca Raton Community Hospital, Inc., 373 F.3d 1151, 1154 (11th Cr. 2004), *citing* Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).  All issues of material fact should be resolved in favor of the Plaintiff or non-moving party before the Court determines the legal question of whether the defendant is entitled to judgment as a matter of law under that version of the facts.  Durruthy v. Pastor, 351 F.3d 1080, 1084 (11th Cir. 2003); Skrtich v. Thornton, 280 F.3d 1295, 1299 (11th Cir. 2002).   The Plaintiff has the burden to come forward with evidentiary material demonstrating a genuine issue of fact for trial.  Celotex, 477 U.S. at 322-23.  Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient.  There must be such evidence that a jury could reasonably return a verdict for the party bearing the burden of proof.  Anderson v. Liberty Lobby, 477 U.S. 242,

**No. 5:06CV32-RS/AK**

251, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986). "For factual issues to be considered genuine, they must have a real basis in the record." Mize v. Jefferson City Board of Education, 93 F.3d 739, 742 (11th Cir. 1996).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

While a moving party is not required to support his motion for summary judgment with affidavits, Celotex, supra at 323, the facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true for purposes of summary judgment. Gauck v. Meleski, 346 F.2d 433, 436 (5th Cir. 1965).

**III.     Defendants' Rule 56(e) evidence**

    a)     Inmate Information

Plaintiff is presently incarcerated at Holmes CI with a release date of February 15, 2036.

**No. 5:06CV32-RS/AK**

    b)    <u>Inmate Record as of 6/30/06</u>

Plaintiff has been on close custody since January 23, 1998, and has had five disciplinary violations. He also goes by the alias "Tito."

    c)    <u>Disciplinary proceedings</u>

Papers not previously submitted by the Plaintiff are the Investigative Report (Exhibit C2) and the Witness Disposition form (C3), which show that Plaintiff requested no witnesses and Inmate Travis Moser was interviewed, but refused to give a statement.

    Plaintiff's statement (C5) is as follows:

Anyone can use my name, but not my voice. I didn't call anyone, and I didn't talk to Moser's mother. Just because Moser's mom said, "Oh, Hey Tito!" doesn't mean she was talking to me. The DR states that my recorded name on my phone record is "Tito," and my voice matches those calls placed by myself on my pin number. The DR doesn't state my voice matches the call made to Moser's mother. A voice analyst test will prove that I didn't call or talk to Moser's mother.
Also the DR states that on Tuesday October 18, 2005 at 10:20 a.m. while monitoring the inmate telephone system. I was accused on Monday by Assist. Warden Johnson and another officer of this violation and placed under Administrative Confinement pending a DR for the phone violation. Tuesday ad Monday are two different days.
The person calling didn't use Tito. It was Moser's mother who said, "Hey Tito."

    A Documentary or Physical Evidence Disposition form (C6) shows that Plaintiff requested the tape recording of the conversation and a voice analyst test that he contended would show that he did not make the call. The summary of the disposition stated that the tape had been reviewed and that it "does not provide evidence to support the inmate's statement. (Exhibit C6).

**No. 5:06CV32-RS/AK**

Telephone Restrictions include "using another inmate's personal identification number or providing a PIN to another inmate...." (Exhibit C9).

d) <u>Affidavit of Scott Bush (Exhibit D1)</u>

Mr. Bush has been employed by DOC for eleven years and investigated the DR at issue. He interviewed Officer Reupke, Plaintiff, Inmate Moser, and listened to the taped conversation which he compared to other taped conversations of Plaintiff talking to his family members under his own PIN number and found the voice to be an "exact match." Based on his assessment, there was no need to play the tape at the hearing because it did not support Plaintiff's claim that he was not on the tape.

e) <u>Affidavit of Jennifer Reupke (Exhibit D2)</u>

Corrections Officer Reupke is responsible as part of her job duties for listening to inmate telephone calls. On Tuesday, October 18, 2005, she was listening to phone calls made on October 16, 2005, and heard the phone call at issue which was placed from H-Dorm, Wing One, which she knew was not an Administrative Confinement Dorm where Inmate Moser was presently confined. She heard Plaintiff being called by his known nickname on the recording and recognized his voice from previous recordings. Thus, she wrote him up on a disciplinary charge, and was from that point on not involved in the investigation, was not a member of the hearing team, and did not process or determine his evidentiary requests.

f) <u>Affidavit of James Peters (Exhibit D3)</u>

Defendant Peters has been a corrections officer for 18 years. He was chairman of the disciplinary hearing team and heard all the evidence and witness statements and

**No. 5:06CV32-RS/AK**

determined with Vanessa Rhynes that Plaintiff was guilty and should receive 20 days confinement.

      g)      <u>Affidavit of Vanessa Rhynes (Exhibit D4)</u>

Defendant Rhynes concurred with the findings of Defendant Peters.

      h)      <u>Florida Administrative Confinement Chapter 33-602</u>

This chapter details the disciplinary process and the parameters of disciplinary confinement.

## IV.   Analysis

As Defendants argue in their brief, imposition of disciplinary confinement is not an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," and therefore, does not implicate a protected liberty interest. <u>Sandin v. Conner</u>, 515 U.S. 472, 484-486 (1995).

In <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994), the Court held that where success in a section 1983 damages action would necessarily challenge the validity of a conviction or sentence that could result in an earlier release from confinement, such lawsuit would be barred unless there was first proof that the conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to make such determination, or called into question by federal court's issuance of writ of habeas corpus.

In Edwards v. Balisok, 520 U.S. 641, 117 S.Ct 1584, 137 L.Ed.2d 906 (1997) this bar was extended to prison administrative procedures when the action taken affected good time credits, which in turn affected the duration of the prisoner's confinement.

Until the holding in Muhammad v. Close, 540 U.S. 749 (2004), there was a split among the Circuits as to the applicability of Heck, *i.e.* whether the favorable termination requirement of Heck bars all damage suits challenging prison disciplinary proceedings, and the Supreme Court held that it does not bar section 1983 suits that go neither to the fact of the conviction/disciplinary decision or the duration of the overall confinement. The Eleventh Circuit had interpreted Balisok to allow claims challenging a disciplinary proceeding that were "purely procedural, as in Wolff...."  Harden v. Pataki, 320 F.3d 1289, 1295 n.9 (11th Cir. 2003).  See also Jenkins v. Haubert, 179 F.3d 19, 27 (2nd Cir. 1999) (damages sought relative to a disciplinary sanction that does not affect length of confinement may be brought by 1983 suit); Leamer v. Fauver, 288 F.3d 532 (3rd Cir. 2002) (same); DeWalt v. Carter, 224 F.3d 607 (7th Cir. 2000); Brown v. Plaut, 131 F.3d 163 (D.C. Cir. 1997).

Plaintiff raises only procedural claims concerning the disciplinary decision, and since he did not lose any gain time as a result of the DR, the duration of his confinement could not be affected by his challenge to the sanction he received (20 days confinement).  (See Doc. 22, Exhibit C8).

The procedural requirements for a disciplinary hearing are three-fold: (1) advance written notice; (2) a written statement of the reasons for the disciplinary action taken; and (3) the opportunity to call witnesses and present evidence. Wolff v.

**No. 5:06CV32-RS/AK**

McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L.Ed. 2d 935 (1974); Young v. Jones, 37 F.3d 1457, 1459-60 (11th Cir. 1994); Bass v. Perrin, 170 F.3d 1312, 1318 (11th Cir. 1999).

Plaintiff raises the third issue regarding evidence contending that he was not allowed evidence that would have exculpated him (the actual audio tape and a voice expert). The Supreme Court has held that a disciplinary decision need only be supported by "some evidence." Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445 (1985). Although this holding was made in the context of a disciplinary sanction involving the revocation of good time credits and the liberty interest attendant thereto, the Eleventh Circuit has applied this evidentiary standard to disciplinary proceedings not involving the loss of good time credits. See Williams v. Fountain, 77 F.3d 372 (11th Cir. 1996) (one year of solitary confinement "assume[d]" to be liberty deprivation); Young v. Jones, 37 F.3d 1457 (11th Cir. 1994) (45 days confinement, loss of privileges).

Pursuant to Hill, the requirement of "some evidence" does not require that the reviewing court examine the entire record, make an independent assessment of the credibility of witnesses or weigh the evidence; instead, the relevant question is whether there was any evidence in the record that could support the conclusion of the disciplinary team. Hill, *supra* at 455-456; Williams, *supra* at 375; Young, *supra* at 1459.

The evidence which supports the disciplinary decision at issue is that Defendant Reupke, whose job duties include listening to tapes of inmate telephone conversations, identified the voice of Plaintiff in the telephone call using Moser's PIN, and she knew

**No. 5:06CV32-RS/AK**

that Moser could not have been placing the call because he was in administrative confinement at the time the call was placed.  Defendant Reupke recognized Plaintiff's voice because she had listened to him making telephone calls under his own PIN and also knew that he used the nickname "Tito," the name Moser's mother called him by.  Also, Officer Bush listened to the tape as well and compared the voice to that of Plaintiff on other recordings and found the voice to be an "exact match."  This evidence was presented to disciplinary hearing team officers Defendants Rhynes and Peters, who determined from this evidence that Plaintiff was guilty of using Moser's PIN to place a telephone call.

The undersigned is of the opinion that this is sufficient evidence under the standard adopted by this Circuit to support the decision of the disciplinary team.

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motion for Summary Judgment (doc. 22) be **GRANTED**, and this cause **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** at Gainesville, Florida, this ___7th___ day of September, 2007.

                                        *s/ A. KORNBLUM*
                                        **ALLAN KORNBLUM**
                                        **UNITED STATES MAGISTRATE JUDGE**

**No. 5:06CV32-RS/AK**

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 5:06CV32-RS/AK**